UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: SUBPOENA TO AMAZON.COM, INC., <br><br><br> Underlying Case: *Eternity Mart, Inc., dba Great Deals of Texas v. Nature's Sources, LLC*, Case No. C19-2436 (N.D. Ill.) | Case No. C20-218RSL <br><br> ORDER TO TRANSFER CASE |

This matter comes before the Court on a motion to transfer to the United States District Court for the Northern District of Illinois, where the underlying litigation is pending. Dkt. #4. Defendant in the underlying case issued a Rule 45 subpoena to nonparty Amazon.com, Inc. ("Amazon"), seeking information regarding Amazon's suspension of plaintiff's seller account in February and March of 2019. Amazon has objected primarily on relevance, proportionality, and confidentiality grounds, as well as under Local Civil Rule 37(a)(1). Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds that transfer is appropriate.

Pursuant to Rule 45, disputes involving subpoenas are typically resolved in the district where compliance is sought. Fed. R. Civ. P. 45(d)(3). Nevertheless, the compliance court has discretion to transfer the dispute to the issuing court if the entity from whom compliance is sought consents to transfer, or if exceptional circumstances warrant transfer. Fed. R. Civ. P.

ORDER TO TRANSFER CASE - 1

45(f). Amazon does not consent to transfer in this case, and therefore, defendant bears the burden of showing that exceptional circumstances exist. Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013). In making its determination, the Court may consider a wide variety of factors including "[case] complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." In re Hume, No. C17-1104RSL, 2017 WL 4224421, at *2 (W.D. Wash. Sept. 22, 2017) (citations omitted).

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013).

The Court finds that the Northern District of Illinois is indeed in a superior position to resolve Amazon's relevance, proportionality, and confidentiality objections. Magistrate Judge Sunil R. Harjani has supervised all discovery in the underlying case, which was filed in April 2019, and has issued substantive discovery rulings. Judge Harjani's acknowledgement of the relevance of discovery that Amazon could provide exemplifies his robust understanding of the needs of the parties, the topics listed in the subpoena, the relevancy of the information sought, and intricacies in the underlying case. Having the undersigned step in at this point in the litigation would be a waste of judicial resources and would give rise to a risk of inconsistent rulings. The Court finds defendant's motion to compel would be better decided by the court with control over the disposition of the underlying case.

In addition, the Court is not persuaded that transfer to the Northern District of Illinois would substantially burden Amazon. Rule 45(f) authorizes counsel to appear in that district without having to associate local counsel, defendant has agreed that Amazon can appear telephonically in the event that a hearing is held, all federal district courts utilize an electronic

ORDER TO TRANSFER CASE - 2

docketing system, the existing briefs will be transmitted to the Northern District of Illinois upon transfer, and defendant has indicated that any document review and electronic production can occur locally in Seattle. If Amazon has an interest in the local resolution of this matter, it has not articulated what it is. The Court finds that any burden imposed on Amazon would be minimal and is outweighed by the factors favoring transfer.

      For all the foregoing reasons, defendant's motion to transfer (Dkt. #4) is GRANTED. The Clerk of Court is directed to transfer this discovery dispute to the Northern District of Illinois.

      IT IS SO ORDERED.

      DATED this 1st day of July, 2020.

*(signed)* Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER TO TRANSFER CASE - 3